IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACE M. MAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-2977-L |
| | § | |
| STERLING COMMERCE, INC. | § | |
| (a wholly owned subsidiary of | § | |
| SBC Communications, Inc.), | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment, filed May 2, 2005. Plaintiff Grace Mazar did not file a response to Defendant's summary judgment motion. After careful consideration of the motion, Defendant's brief, applicable authorities, and summary judgment evidence submitted by Defendant, the court, for the reasons stated herein, **grants** Defendant's Motion for Summary Judgment.

### I. Procedural and Factual Background

Plaintiff Grace M. Mazar ("Plaintiff" or "Mazar") filed this action against Defendant Sterling Commerce, Inc. ("Defendant" or "Sterling Commerce") on December 13, 2003. Mazar, who was employed as a Director of Marketing Communications by Defendant, alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by discriminating against her and discharging her from employment because of her gender, and in retaliation for making a complaint of discrimination; and that Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, by discrimination against her and

**Memorandum Opinion and Order - Page 1**

discharging her from employment because of her age. Mazar was terminated on July 5, 2002. Defendant denies that it discriminated against Mazar because of her age or gender or retaliated against her. Defendant also contends that all employment actions that it took against Plaintiff were based on legitimate, nondiscriminatory business reasons.

## II. Analysis

Defendant has moved for summary judgment, contending, *inter alia*, that Mazar has not established a *prima facie* of discrimination or raised a genuine issue of material fact whether it had a legitimate, nondiscriminatory reason for discharging her.[*] Because Sterling Commerce does not have the burden at trial concerning Mazar's Title VII claim, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support her claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If it does so, Mazar must then go beyond her pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(*per curiam*). Summary judgment is mandatory when the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

Mazar has not responded to Sterling Commerce's motion within the time specified by N.D. Tex. Civ. R. 7.1(e); nor has she responded within the time allotted by the court after it granted Mazar two extensions of time in which to file a response to Defendant's motion. Defendant filed its summary judgment motion on May 2, 2005. Pursuant to Rule 7.1(e), Mazar's response was due May 22, 2005. The court granted her an extension of time to respond until June 8, 2005, and then granted her a second extension of time to respond until June 13, 2005. Moreover, the court has

---

[*]Sterling Commerce also moves for summary judgment on the grounds that Plaintiff has failed to establish a *prima facie* case that Defendant violated Title VII or the ADEA and on the grounds that Plaintiff signed a severance agreement releasing all claims against Sterling Commerce; however, the court finds it unnecessary to address those grounds.

**Memorandum Opinion and Order - Page 2**

waited an additional two weeks for Plaintiff to file a response, which she has not done. Her failure to respond does not, of course, permit the court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is permitted, however, to accept Sterling Commerce's evidence as undisputed. *Id.; Tutton v. Garland Indep. Sch. Dist.,* 733 F.Supp. 1113, 1117 (N.D. Tex. 1990). Moreover, Mazar's failure to respond means that she has not designated specific facts showing that there is a genuine issue for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda,* 945 F. Supp. 999, 1002 (N.D. Tex 1996)(citing *Solo Serve Corp. v. Westowne Assocs.,* 929 F.2d 160, 165 (5th Cir.1991)).

Under the applicable burden-shifting paradigm, Mazar was obligated to establish a *prima facie* case of discrimination; Sterling Commerce was required to produce evidence of a legitimate, nondiscriminatory reason for discharging Mazar; and Mazar then became obligated to adduce sufficient evidence to permit a reasonable trier of fact to find pretext or intentional discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425-26 (2000).

Sterling Commerce has adduced evidence of a legitimate, nondiscriminatory reason for terminating Mazar and has pointed the court to the absence of evidence that it discharged her because of her gender, age or in retaliation for complaints of discrimination. *See* Brief at 2-4 and Exhibits A and B thereto (citing record evidence that Mazar was terminated from her employment not because of age, gender or in retaliation for discrimination complaints, but because she rejected Defendant's relocation offer, under which Sterling Commerce had decided to relocate the Director

of Communications base to its Dublin, Ohio headquarters since the individuals reporting to that position were all located in Dublin).

The court concludes as a matter of law that Defendant has set forth a legitimate, nondiscriminatory reason for discharging Mazar, namely that Sterling Commerce determined that Plaintiff's position should be transferred to Dublin, Ohio because her supervisors and direct reports worked there, and Plaintiff rejected the opportunity to relocate and was therefore terminated. Mazar has failed to adduce evidence that Sterling Commerce's reason for discharging her was a pretext for discrimination. Mazar has wholly failed to adduce evidence that would permit a reasonable jury to find that she was the victim of intentional age or gender discrimination, or retaliation.

### III. Conclusion

For the reasons stated herein, there is no genuine issue of material fact regarding Plaintiff's claim of discrimination based on age, gender or retaliation. Accordingly, Defendant's Motion for Summary Judgment is **granted**. This action is hereby dismissed with prejudice against Defendant Sterling Commerce, Inc. Judgment will be issued by separate document pursuant to Fed. R. Civ. P. 58.

**It is so ordered** this 30th day of June, 2005.

                                                _____
                                                Sam A. Lindsay
                                                United States District Judge