IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GRACE M. MAZAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:03-CV-2977-L |
| § | |
| STERLING COMMERCE, INC. § | |
| (a wholly owned subsidiary of § | |
| SBC Communications, Inc.), § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

By separate order issued concurrently herewith, the court granted Defendant's Motion to Reopen Case, filed July 6, 2005, since the court's June 30, 2005 order granting summary judgment in Defendant's favor as to all Plaintiff's claims did not dispose of Defendant's counterclaim for breach of contract.[1] For the reasons that follow, the court **declines** to exercise supplemental jurisdiction over Defendant's state law counterclaim pursuant to 28 U.S.C. § 1367(c)(3), and accordingly **dismisses** the counterclaim without prejudice.

Plaintiff filed this action against Defendant on December 13, 2003, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, by discriminating against her because of her gender and retaliating against her and that Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, by discriminating against her based on age. Based on Plaintiff's federal claims, the court had

---

[1] Defendant never moved for summary judgment on its counterclaim but only moved on Plaintiff's federal claims as against Defendant. Thus, by definition, the court could not have disposed of Defendant's counterclaim in the summary judgment order.

**Memorandum Opinion and Order – Page 1**

original subject matter jurisdiction. *See* 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. § 626(b) and (c); 28 U.S.C. § 1331. On September 30, 2004, Defendant filed a First Amended Answer and Counterclaim, asserting a counterclaim for breach of contract against Plaintiff in the amount of $52,331.26 and seeking attorney's fees pursuant to the Tex. Civ. Prac. & Rem. Code § 38.001. *See* Def. Am. Ans. & Countcl. at 5, ¶¶ 9-14. Defendant also asserted eight affirmative defenses, including that "Plaintiff knowingly and voluntarily settled, compromised, and released her claims as alleged in this lawsuit." *See* Def. Am. Ans. & Countcl. at 3, ¶ 19. Pursuant to the court's Scheduling Order in this case, the deadline for filing all dispositive motions was May 2, 2005. *See* Scheduling Order at 2, ¶ 3 ("All motions that would dispose of all or any part of this case, including motions for **summary judgment**, shall be filed by **May 2, 2005**.") (original emphasis). On May 2, 2005, Defendant filed a motion for summary judgment as to all of Plaintiff's claims, but did not file any dispositive motions with regard to its counterclaim for breach of contract or its affirmative defense that "Plaintiff knowingly and voluntarily settled, compromised, and released her claims as alleged in this lawsuit." *See id.* at 3, ¶ 19. On June 30, 2005, the court granted Defendant's motion for summary judgment and issued a judgment dismissing Plaintiff's action with prejudice. *See* Memorandum Opinion and Order, June 30, 2005; *see* Judgment, June 30, 2005. In Defendant's Motion to Reopen Case, filed July 6, 2005 (which the court is granting pursuant to a separately issued order), after pointing out the court's "administrative oversight" (*see* Def. Mot. at 2, § 6) in issuing judgment while its counterclaim for breach of contract was still on file, Defendant requests that the court reopen the case to "permit Plaintiff [sic] to proceed with prosecuting its counterclaim against Plaintiff on August 1, 2005" (the trial setting previously set for this case), or, alternatively, that the court reopen the case and issue a "new Scheduling Order with a new deadline for filing

dispositive motions so that Sterling can file a motion for summary judgment with respect to its counterclaim against Plaintiff." *See* Def. Mot. at 3.  Why Defendant did not move for summary judgment on its counterclaim along with its motion on Plaintiff's federal claims is unknown to the court.[2]  One thing, however, is clear.  Whatever the reason for this strategy, by virtue of Defendant's decision to move for summary judgment exclusively on Plaintiff's Title VII and ADEA claims, and not with regard to its own state law counterclaim, all that remains before the court at this time is Defendant's state law counterclaim for breach of contract against Plaintiff in the amount of $52,331.26 and related request for attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.         A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [over which it has supplemental jurisdiction] if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).  Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity.  *See Rosado v. Wyman*, 397 U.S. 397, 403-04 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan,* 2002 WL 324287 at *4 (N.D.Tex. Feb.27, 2002) (quoting *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). Although this case has been pending for over a year, there has been no substantial judicial activity. Little discovery has been taken.  Indeed, Plaintiff never even responded to Defendant's motion for

---

[2]Equally interesting is the court's receipt of Defendant's pretrial materials, filed July 11, 2005, several days *prior* to the court's issuance of an order granting Defendant's motion to reopen the case.

**Memorandum Opinion and Order – Page 3**

summary judgment and never propounded any formal discovery on Defendant. Under these circumstances, declining to exercise supplemental jurisdiction over Defendant's state law counterclaims will promote federalism and comity without unduly prejudicing or inconveniencing the parties. *See Ficq v. Texas Instruments, Inc.*, 2004 WL 792706 at *3 (N.D.Tex. Apr.13, 2004), *aff'd,* 114 Fed.Appx. 155 (5th Cir.2004) (declining to exercise supplemental jurisdiction over plaintiff's state law claims for gross negligence, unconscionable acts, misrepresentation, and fraudulent concealment upon dismissing federal claims on summary judgment). *Cf. Batiste v. Island Records, Inc.*, 179 F.3d 217, 227-28 (5th Cir.1999), *cert. denied,* 528 U.S. 1076 (2000) (district court abused its discretion in dismissing state law claims where case had been pending over three years and court had ruled on multiple motions to dismiss and for summary judgment).

Based on the foregoing, the court **declines** to exercise supplemental jurisdiction over Defendant's state law counterclaim for breach of contract and **dismisses** the counterclaim without prejudice. The court **directs** the clerk of court to return all pretrial materials to Defendant. An amended judgment will be issued concurrently herewith.

**It is so ordered** this 14th day of July, 2005.

*[signature]*
Sam A. Lindsay
United States District Judge

**Amended Judgment - Solo Page**